IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lisa D. Smith, et al.,

    Plaintiffs,

v.                              Case No. 2:11-cv-782

                                    JUDGE EDMUND A. SARGUS, JR.
General Motors Corporation,        Magistrate Judge Kemp
et al.,

    Defendants.

## OPINION AND ORDER

On July 15, 2011, Plaintiffs Lisa D. Smith, Deanna F. Gibson and Milford R. Gibson filed an action in the Court of Common Pleas of Franklin County, Ohio seeking relief for personal injuries arising out of an automobile accident. They named General Motors Corp., Moses Pontiac (which appears actually to be Moses, Inc.), Medical Mutual of Ohio, OhioHealth, Grant Medical Center and John Does 1 through 3 as defendants. Moses, Inc. removed the case to this Court on August 29, 2011. On September 26, 2011, Plaintiffs filed a motion to remand to state court based on lack of diversity of citizenship. On October 14, 2011, Moses, Inc. filed a response. On October 31, 2011, Plaintiffs filed a reply. For the following reasons, Plaintiffs' motion to remand to state court will be denied.

## I. FACTUAL BACKGROUND

Lisa D. Smith, Deanna F. Gibson and Milford R. Gibson are all Ohio residents. Neither General Motors Corp, the manufacturer of Plaintiffs' car, nor Moses, Inc., the dealership that sold the car, are Ohio residents for diversity of citizenship purposes. Plaintiffs claim that these

two defendants are liable to them on various state law theories for injuries that the plaintiffs sustained in the accident.

In addition, and central to the jurisdictional question before the Court, Plaintiffs named Medical Mutual of Ohio, OhioHealth and Grant Medical Center as defendants. According to the complaint, because Medical Mutual of Ohio paid for some of Plaintiffs' medical bills pursuant to an insurance contract, it may have a right of subrogation and payment from any money Plaintiffs may receive from General Motors or Moses, Inc. According to Plaintiffs' complaint, OhioHealth and Grant Medical Center may also have subrogation interests in this action as a result of providing medical care and treatment to Plaintiffs. Plaintiffs do not seek any monetary recovery against any of these three defendants. Medical Mutual of Ohio, OhioHealth and Grant Medical Center are all Ohio corporations with their principal places of business in the State of Ohio.

Medical Mutual of Ohio has counterclaimed against Plaintiffs, asserting its right to reimbursement or subrogation, and has cross-claimed against General Motors Corp. and Moses, Inc., alleging that their individual or combined negligence was a direct and proximate cause of Plaintiffs' injuries.

## II. DISCUSSION

District courts have diversity jurisdiction over actions between "citizens of different States" provided the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a). Here, the parties agree that the amount in controversy exceeds the required threshold. Accordingly, the sole issue is whether diversity of citizenship exists between the parties.

Diversity of citizenship exists when there is "an 'actual', 'substantial', controversy between citizens of different states, all of whom on one side of the controversy are citizens of

2

different states from all parties on the other side." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941) (citations omitted). The parties' own selection of who are plaintiffs and who are defendants is not determinative. *Id.* Instead, this Court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Id.* (citations omitted). In so doing, the proper arrangement of parties for purposes of diversity jurisdiction "must be ascertained from the 'principal purpose of the suit' and the 'primary and controlling matter in dispute.'" *City of Indianapolis*, 314 U.S. at 69 (citations omitted). Furthermore, the Court of Appeals has interpreted *City of Indianapolis* to require "that parties be aligned in accordance with the primary dispute in the controversy, even where a different, legitimate dispute between the parties supports the original alignment." *United States Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir. 1992).

In the case at hand, complete diversity would exist if the Court were to realign the parties according to their interests in the case. That is, if current plaintiffs Lisa D. Smith, Deanna F. Gibson and Milford R. Gibson and current defendants Medical Mutual of Ohio, OhioHealth and Grant Medical Center are realigned so that they are all on one side of the controversy, and only General Motors Corp. and Moses, Inc. are on the other, complete diversity would exist. The Court concludes that realigning the parties in this way is proper here because the primary dispute in this case is whether Defendants General Motors Corp. and Moses, Inc. are liable for Plaintiffs' injuries, which allegedly resulted from defects in the car manufactured by General Motors and sold by Moses, Inc. The dispute among the other parties is clearly secondary to this issue.

Defendants Medical Mutual of Ohio, OhioHealth and Grant Medical Center are not involved in this primary underlying dispute. Rather, they have only subrogation interests in this

3

action. These defendants all allegedly incurred significant expenses resulting from Plaintiffs' injuries and seek to be reimbursed from the proceeds of any recovery Plaintiffs may receive. Therefore, the interests of these defendants in achieving such a recovery are the same as the Plaintiffs. *See Lampe v. Genuine Parts Co.*, 463 F. Supp. 2d 928, 933 (W.D. Wis. 2006) (realigning the insurance companies named as defendants in the plaintiffs' complaint because the plaintiffs "d[id] not assert any claim against them and include[d] them based solely upon their subrogation interests which [were] aligned with the plaintiffs' interests."). *See also Frahm v. Marshfield Clinic*, 2007 WL 3287841, *2 (W.D. Wis. Nov. 7, 2007). This is well-illustrated by Plaintiffs' assertion that Medical Mutual of Ohio is a necessary party to this action "to help advocate Plaintiffs' case against General Motors."

Finally, even if Defendants Medical Mutual of Ohio, OhioHealth and Grant Medical Center were considered to be adverse to the Plaintiffs in the sense that they are asserting entitlement to a certain amount of Plaintiffs' potential proceeds from this litigation, this conclusion does not mandate a different alignment of the parties. Because parties must be aligned according to the primary dispute in the case, Defendants Medical Mutual of Ohio, OhioHealth and Grant Medical Center are properly aligned with Plaintiffs, as they share an interest in having Plaintiffs recover from Defendants General Motors Corp. and Moses, Inc. based on the allegations in the complaint.

Accordingly, there is complete diversity between the parties that should be treated as Plaintiffs, all of which are Ohio citizens, and the parties that should remain as Defendants, which are citizens of Michigan and West Virginia. Given that conclusion, the Court has jurisdiction over this case, and the removal was proper.

## III. CONCLUSION

Based on the foregoing reasons, Plaintiffs' motion to remand to state court (#15) is **DENIED**.

**IT IS SO ORDERED.**

11-30-2011
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**